| | | |
|---|---|---|
| JOSEPH SALLAJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:25-cv-00607 |
| MIDDLE TENNESSEE STATE | ) | Judge Aleta A. Trauger |
| UNIVERSITY, DAVID BUTLER in his | ) | |
| official capacity, and PRESIDENT | ) | |
| SIDNEY McPHEE in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the accompanying Memorandum, the plaintiff's pending Objections (Doc. No. 33) to the Magistrate Judge's Report and Recommendation (Doc. No. 32) are **OVERRULED**. The R&R's recommendation that the plaintiff's claims be dismissed is **ACCEPTED**, though with modifications to the reasons for that conclusion. The defendants' Motion to Dismiss (Doc. No. 26) is **GRANTED**, as follows:

(1)     The plaintiff's claims against defendant Middle Tennessee State University ("MTSU") under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted.

(2)     The plaintiff's claims against MTSU under 42 U.S.C. § 1983 (for violations of the plaintiff's rights under the First and Fourteenth Amendments) are **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment and/or common law sovereign immunity.

(3)     The plaintiff's claims against defendants David Butler and Sidney McPhee (who are sued in their official capacity only) under 42 U.S.C. § 1983 for money damages and for declaratory relief relating to past actions are **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment and/or common law sovereign immunity. As a result, the plaintiff's due process claims (and, insofar as he intended to state such a claim, his equal protection claims) under the Fourteenth Amendment, with respect to which the plaintiff does not seek prospective relief, are entirely barred by the Eleventh Amendment and/or common law sovereign immunity and are **DISMISSED WITHOUT PREJUDICE**.

(4)     The plaintiff's First Amendment claim against defendant Sidney McPhee in his official capacity is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

(5)     The plaintiff's First Amendment claim against defendant David Butler in his official capacity is **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted.

(6)     The plaintiff's state law claims (for violation of the Tennessee Constitution, Article 1, Section 19, and for fraudulent misrepresentation) against all defendants are **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment and/or common law sovereign immunity.

All claims having been disposed of, the case is **DISMISSED** in its entirety.

This is the final Order in this case, for purposes of Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge